**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1854
_____

TYRONE MARTIN,
                                   Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS, KEVIN
KAUFFMAN; TIMOTHY MYERS; RYAN KANAGY; BRENT DICKSON; BRADD
FAZENBAKER; SAMUEL BICKEL; KEVIN BARGER; JOHN NEUMANN; SUSAN
GAFF; MATTHEW MORRISON; MELISSA ROSS; WILLIAM DREIBELBIS;
CORRECT CARE SOLUTION

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-16-cv-02060)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2023

Before: JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: January 9, 2024)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Tyrone Martin, a Pennsylvania prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 claiming that his First and Eighth Amendment rights were violated during an altercation with corrections officers at the State Correctional Institution in Smithfield, Pennsylvania (SCI-Smithfield).  Several of his excessive-force claims went to trial.  After a three-day jury trial, the jury found in favor of the Department of Corrections (DOC) defendants.  Martin timely appealed.[1]

In his appellate brief, Martin first asserts that the District Court committed the following errors at trial: (1) the court allowed defense counsel to "creat[e] and act out facts in which the court already ruled on," Br. ¶ 5, ECF No. 14; (2) the court should have questioned James Carter, one of Martin's inmate witnesses, about favorable treatment he received from the DOC Appellees; (3) the court allowed Carter to smoke while testifying via videoconference from SCI-Smithfield; (4) the court precluded Martin from reading Carter's affidavit aloud to him; and (5) the court failed to clarify to the jury that the defendants were not testifying as experts.  He also asserts that his rights were violated insofar as the jurors and the defendants were all white, while he is Black.

We cannot meaningfully evaluate these issues.  First, as the DOC appellees note, Martin has not provided any substantive argument or legal citations to support these

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  We will address only those issues that Martin has raised in his brief.  See, e.g., In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).  We also note that, because Martin did not file a post-trial motion, we will not review the sufficiency of the evidence supporting the jury's verdict.  See Dupree v. Younger, 598 U.S. 729, 734–35 (2023).

contentions.  Indeed, he has not developed the issues in any way, which makes it impossible for us to assess whether any error occurred, let alone whether any error affected Martin's "substantial rights."  Fed. R. Civ. P. 61.  As a result, we must deem these issues forfeited.  See United States v. Savage, 970 F.3d 217, 281 n.70 (3d Cir. 2020) (explaining that a party forfeits review of an issue if his brief makes only a "passing reference" to it); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").  And even if we were inclined to review these issues independently, we are unable to do so because, despite his obligation, Martin has neither provided a copy of the trial transcripts, see Fed. R. App. P. 10(b)(1)(A), nor moved for their production at government expense, see 28 U.S.C. § 753(f); 3d Cir. L.A.R. 11.1.  See also Morisch v. United States, 653 F.3d 522, 529–30 (7th Cir. 2011) (discussing the inability to conduct "meaningful review" in the absence of a transcript and how a litigant's failure to order a transcript can be grounds for forfeiture of a claim).

Similar issues plague review of Martin's next issue, too.  He contends that the District Court erred by failing to provide him with three subpoenas until twenty-four to forty-eight hours before trial, when it was too late to secure the witness testimony.  He asserts that he was prejudiced by the District Court's error because the witnesses he intended to subpoena, attorney Marianne Sawick and Superintendent Kevin Kauffman, would have provided "key" testimony as to "the availability of video evidence."  Br. ¶ 5, ECF No. 14.  The record does not support Martin's allegations, however.  Rather, the

Court provided Martin with three subpoenas on April 14, 2023, twelve days before trial. See ECF No. 305. Three days later, Martin wrote that the Court had provided only three subpoenas and he needed four, see ECF No. 309, and the Court sent a fourth subpoena on April 21, 2023. Martin has not alleged that he attempted to serve the first three subpoenas or otherwise objected to the Court's conduct. Further, even assuming that the District Court committed some sort of error in this regard, we cannot evaluate the issue because Martin does not explain how he was prejudiced; he does not describe what the "video evidence" shows or does not show, what the witnesses would say about its availability, or how it was important to his case. He has thus failed to establish the necessary harm to obtain relief. See Morgan v. Covington Twp., 648 F.3d 172, 179-80 (3d Cir. 2011).

Lastly, although Martin states that he was "never given any reason as to why counsel was not appointed," Br. ¶ 5, ECF No. 14, the record reflects that the District Court granted his counsel motions subject to the availability of a pro bono attorney, see Order, ECF No. 268, but no attorney agreed to take his case, see Letter from Pro Bono Committee, ECF No. 269. The letter from the Pro Bono Committee appears on the record, so it seems that Martin was so informed. Beyond the one sentence in his brief objecting to not being "given any reason as to why counsel was not appointed," Br. at 5, he has not challenged the District Court's management of the counsel issue. Therefore, this contention is meritless.

Accordingly, we will affirm the judgment of the District Court.